IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

ARTHUR D. HOOD,                   )
                                  )
            Plaintiff,            )
                                  )
v.                                )         Case No. CIV-16-311-KEW
                                  )
NANCY A. BERRYHILL, Acting        )
Commissioner of Social            )
Security Administration,          )
                                  )
            Defendant.            )

## OPINION AND ORDER

Plaintiff Arthur D. Hood (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and the case is REMANDED to Defendant for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was 58 years old at the time of the ALJ's decision. Claimant obtained his GED. Claimant has worked in the past as a semi-truck driver, security guard, jailer, and building maintenance repairer. Claimant alleges an inability to work beginning November 28, 2013 due to limitations resulting from back, leg, neck and joint pain, arthritis, vision problems, and anxiety.

**Procedural History**

On December 23, 2013, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income benefits under Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On January 22, 2016, an administrative hearing was held before Administrative Law Judge ("ALJ") John W. Belcher in McAlester, Oklahoma. By decision dated February 17, 2016, the ALJ denied Claimant's requests for benefits. The Appeals Council denied review of the ALJ's decision on June 20, 2016. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step four of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he did not meet a listing and retained the residual functional capacity ("RFC") to perform his past relevant work. He also found Claimant could perform light work.

**Errors Alleged for Review**

Claimant asserts the ALJ committed error in (1) ignoring

4

probative evidence related to Claimant's medical treatment; and (2) performing an improper credibility analysis.

**Consideration of the Medical Evidence**

In his decision, the ALJ found Claimant suffered from the severe impairment of disorders of the spine (lumbar and cervical). (Tr. 14). The ALJ determined Claimant retained the RFC to perform light work except he restricted Claimant to no lifting or carrying more than 20 pounds occasionally and ten pounds frequently, pushing/pulling limitations consistent with lifting and carrying limitations, stand/walk for six hours out of an eight hour workday, and sitting for six to eight hours out of an eight hour workday. (Tr. 16). Based on this RFC, the ALJ also found Claimant could perform his past relevant work as a jailer, performed at the light exertion, semi-skilled. (Tr. 18). Alternatively, after consultation with a vocational expert, the ALJ found Claimant could perform the representative job of gate guard, which he found existed in sufficient numbers in both the regional and national economies. (Tr. 19). As a result, the ALJ determined Claimant was not disabled from November 28, 2013 through the date of the decision. (Tr. 20).

Claimant contends the ALJ should have considered additional probative evidence related to Claimant's treatment. Specifically,

Claimant asserts the ALJ failed to consider the treatment and medical findings by Dr. Randall L. Hendricks and Dr. Jean Bernard – findings which allegedly support restrictions. Claimant also contends the ALJ ignored the portions of the records of Dr. John T. Main which supported a finding of further disability.

On examination, Dr. Hendricks found on October 22, 2014 that Claimant experienced restricted motion in his back with some tenderness to palpation, but not severe. (Tr. 250). On November 26, 2014, Dr. Hendricks noted Claimant had some tenderness over the screw heads at S1 bilaterally after a lumbar fusion which produced Claimant's low back pain. He also found that Claimant's MRI showed that at L3-L4 and L4-L5 his discs "look like a teenager almost." (Tr. 242). On January 6, 2015, Dr. Hendricks performed a hardware block under fluroscopy at the four screw heads. Claimant tolerated the procedure well. (Tr. 268). Claimant reported that the procedure dramatically improved his pain for two days then it slowly came back again. Dr. Hendricks believed Claimant was a candidate for removal of his hardware and exploring his fusion. Due to side effects with other narcotic pain medication, Dr. Hendricks placed Claimant on non-narcotic Ultram. (Tr. 269). On April 8, 2015, Dr. Hendricks informed Claimant that he was extremely doubtful that the removal of his hardware would provide

him with any relief whatsoever. (Tr. 271).

Dr. Bernard found Claimant suffered from severe pain bilateral at S1 upon palpation. He treated Claimant with bilateral sacroiliac joint injections. (Tr. 279). After the procedure, Claimant was able to ambulate without difficulty and his pain improved. (Tr. 280). On May 20, 2015, Dr. Bernard noted that Claimant experienced pain at the lumbar paraspinal and lumbar face joint and bilateral S1 joint upon palpation. Dr. Bernard prescribed Lyrica for the condition. (Tr. 272). On June 12, 2015, Dr. Bernard also prescribed Conzip for Claimant's pain and performed lumbar epidural steroid injections in June and August of 2015. (Tr. 273, 275). On September 17, 2015, Claimant reported severe pain upon palpation at the S1 joint on the right. Dr. Bernard treated him with a steroid injection in the joint and continued prescription of Conzip and Lyrica. (Tr. 276). On November 13, 2015, Dr. Bernard wrote that palpation of Claimant's S1 joint revealed moderate pain on both sides. He prescribed Prednisone and Neurontin. (Tr. 283). On December 16, 2015, Claimant was found to have mild tenderness at the lumbar paraspinals and lumbar facet joints. Dr. Bernard treated Claimant with an epidural steroid injection. (Tr. 281). The ALJ did not acknowledge any of this evidence in his decision.

Certainly, it is well-recognized in this Circuit that an ALJ is not required to discuss every piece of evidence. Clifton v. Chater, 79 F.3d 1007, 1009-10 (10th Cir. 1996). However, he is required to discuss uncontroverted evidence not relied upon and significantly probative evidence that is rejected. Id. at 1010. An ALJ "is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability." Haga v. Astrue, 482 F.3d 1205, 1208 (10th Cir. 2007). By failing to acknowledge the substantial record of Claimant's consistent lumbar pain requiring treatment, the ALJ fell short of his obligation to consider the evidence which supported additional restrictions in his ability to engage in basic work activities. On remand, the ALJ shall consider this evidence in the formulation of the RFC.

**Credibility Determination**

In a similar vein, the ALJ failed to consider the above evidence in assessing the substantiation for Claimant's subjective assertions. Namely, the ALJ noted Claimant's statements that he could not sit or stand for long periods or lift and do physical activities because, in part, of his chronic pain in the lower back. (Tr. 18). Although the ALJ did not discount all of Claimant's complaints, he found the medical evidence did not support his

8

subjective statements and associated restrictions.

It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id. Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3. An ALJ cannot satisfy his obligation to gauge a claimant's credibility by

merely making conclusory findings and must give reasons for the determination based upon specific evidence. Kepler, 68 F.3d at 391. He certainly cannot meet his obligation by failing to consider supporting evidence for Claimant's statements of limitation.

Additionally, since the ALJ's decision in this matter, the Social Security Administration has revised its rulings on evaluating statements related to the intensity, persistence, and limiting effects of symptoms in disability claims - what heretofore has been known as "credibility" assessments. Soc. Sec. R. 16-3p, 2106 WL 1119029 (March 16, 2016), superceding Soc. Sec. R. 96-7p, 1996 WL 374186 (July 2, 1996). The ALJ shall apply the new guidelines under Soc. Sec. R. 16-3p in evaluating Claimant's testimony regarding "subjective symptoms".

**Conclusion**

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **REVERSED and the matter REMANDED to Defendant for further proceedings**.

IT IS SO ORDERED this 11th day of September, 2017.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE